UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HUMBERTO RESTREPO, as Chairman of the Joint Industry Board of the Electrical Industry,<br><br>                                  Petitioner,<br><br>-against-<br><br><br><br>VON ROHR EQUIPMENT CORPORATION,<br>                                     Respondent. | Index No.: 25 CV 5345 (DLI) (JAM)<br><br>**AFFIRMATION OF COMPLIANCE WITH BCL § 307** |

Allison Herstic, Esq., an attorney duly admitted to practice in the Courts of this State, does hereby affirm to be true under the penalties of perjury as follows:

1.     I am an associate with the law firm Virginia & Ambinder, LLP, ("V&A") attorneys for Petitioner Humberto Restrepo, as Chairman of the Joint Industry Board of the Electrical Industry ("Petitioner" and/or the "JIB") in this matter.

2.     I submit this affirmation in support of Petitioner's action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between Local Union #3 of the International Brotherhood of Electrical Workers ("Union") and Respondent Von Rohr Equipment Corporation ("Respondent").

3.     The Petitioner commenced this action to confirm and enforce an arbitration award against Respondent by filing the Verified Petition on September 24, 2025. *See* ECF Dkt. No. 1.

1

4.      Respondent is a foreign business corporation unauthorized to conduct business in the State of New York and accordingly subject to Business Corporation Law §307. *See* ECF Order to Show Cause dated April 7, 2026 (the "Order to Show Cause").

5.      The last address of Respondent known to the Petitioner is 2 New Main Street, East Orange, New Jersey 07018.

6.      On September 26, 2025, as required by Business Corporation Law §307, Petitioner served a copy of the Summons (ECF Doc. No. 6), the Verified Petition (ECF Doc. No. 1), and the Memorandum of Law in Support of the Verified Petition (ECF Doc. No. 4) on Respondent, an unauthorized foreign business corporation, by way of personal service upon Daniel Noonan, an authorized person in the Corporation Division of the New York Department of State. A copy of the Affidavit of Service on the New York Department of State is annexed hereto as **Exhibit 1**. *See also* ECF Doc. No. 11.

7.      Moreover, on September 25, 2025, although not constituting formal service, Petitioner also caused a copy of the Summons (ECF Doc. No. 6), the Verified Petition (ECF Doc. No. 1), the Memorandum of Law in Support of the Verified Petition (ECF Doc. No. 4), and the Court's September 25, 2025 scheduling order  (ECF Doc. No. 9) to be transmitted to Respondent via first-class mail and electronic mail. *See* ECF Dkt. No. 10.

8.      On April 16, 2026, as required by Business Corporation Law §307(b)(2), Petitioner caused a copy of the Summons (ECF Doc. No. 6), the Verified Petition (ECF Doc. No. 1), the Memorandum of Law in Support of the Verified Petition (ECF Doc. No. 4), and proof of service of the foregoing documents upon the New York Department of State in accordance Business Corporation Law §307 (*see* Ex. 1) to be served on Respondent, an unauthorized foreign business corporation, by transmitting copies of the same by registered mailing, return receipt

requested, to the last known addresses of Respondent, as required by Business Corporation Law §307(b)(2).

9.      Said documents (hereinafter, collectively the "Enclosures") were mailed to Respondent by registered mail, return receipt requested, and transmitted to the following address: 2 New Main Street, East Orange, New Jersey 07018, the last known address of Respondent, by depositing a true and correct copy thereof in a prepaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.  A copy of the letter demonstrating transmission of the Enclosures to Respondent by registered mailing in compliance with Business Corporation Law § 307(b)(2) is annexed hereto as **Exhibit 2**. A copy of the registered mail receipt is attached hereto as **Exhibit 3**.

10.     Moreover, although not constituting formal service pursuant Business Corporation Law §307(b)(2), on April 16, 2026 Petitioner also caused a copy of the Enclosures to be provided to Respondent by way of transmitting an electronic message to the latest known e-mail addresses for Respondent via Microsoft Outlook. *See* Ex. 2.

11.     Thereafter, Petitioner did not receive a hard copy of a returned registered receipt card, as signed by Respondent, sufficient to constitute "return receipt signed by such foreign corporation" as defined by Business Corporation Law § 307(c)(2). *See* ECF Doc. No. 19.

12.     Petitioners accordingly sought "other official proof of delivery" as defined by Business Corporation Law § 307(c)(2).

13.     On May 5, 2026, Petitioner, by way of counsel, requested a replacement record from the United States Postal Service by visiting a designated branch of the United States Postal Service, completing PS Form 3811-A – the form used by the United States Postal Service to provide delivery information when a hardcopy return receipt is not received – and proof of

payment of the applicable registered mailing fee. An Affidavit reflecting the foregoing efforts is annexed hereto as **Exhibit 4.** A copy of Petitioner's PS Form 3811-A is annexed hereto as **Exhibit 5**.

14.     On May 5, 2026, Petitioner received a replacement record from the United States Postal Service (the "Substitute Return Receipt") which constitutes "other official proof of delivery" within the meaning of BCL § 307(c)(2). The Substitute Return Receipt constitutes official proof of delivery as it demonstrates that the Enclosures were delivered to the last known address of Respondent at 2 New Main Street, East Orange, New Jersey 07018 on April 21, 2026. The Substitute Return Receipt also evidences acceptance as the delivery was duly signed for on April 21, 2026. A copy of the Substitute Return Receipt which demonstrates delivery of the registered mailing on Respondent, and signed acceptance thereof, is annexed hereto as **Exhibit 6**.

15.     Out of an abundance of caution, Petitioner further verified the sufficiency of the Substitute Return Receipt by way of review of United States Postal Service delivery tracking information regarding the status of delivery of the Registered Mail Enclosures. USPS Tracking information is annexed hereto as **Exhibit 7**.

Dated:      New York, New York
            May 11, 2026

**VIRGINIA & AMBINDER, LLP**

By:_____*/s/ Allison Herstic*_____
Allison Herstic, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
aherstic@vandallp.com
*Attorneys for Petitioners*